IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SOUTHWEST CHURCH OF CHRIST OF
AMARILLO,

      Plaintiff,

v.                                                                           2:24-CV-23-Z-BR

AGCS MARINE INSURANCE CO.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Motion for Partial Summary Judgment on Defendant's Waiver of Appraisal Clause ("MSJ") (ECF No. 14), filed April 25, 2024, and Defendant's Motion to Compel Appraisal and Abate Pending Completion of Appraisal ("Motion to Compel") (ECF No. 18), filed May 16, 2024. After reviewing the record and relevant law, the Court **DENIES** Plaintiff's MSJ and **GRANTS** Defendant's Motion to Compel.

BACKGROUND

This is a hailstorm-insurance dispute. On April 7, 2021, Plaintiff submitted a claim ("Claim") to Defendant for purported hail damage to its property that occurred on June 19, 2020. ECF No. 20-1 at 2–3. Defendant insured Plaintiff's Property under AGCS Marine Policy No. SML 93082216 ("Policy"), which provides, in pertinent part: "Appraisal — if 'you' and 'we' do not agree on the amount of the loss or the value of the covered property, either party may demand that these amounts be determined by appraisal." ECF No. 20-9 at 47.

Defendant sent Plaintiff a partial denial letter ("Letter") on February 16, 2022, advising that covered damages "result[ed] in a payment owed of $119,053.86 . . . ." ECF No. 16-4 at 2.

The Letter concluded with the following language:

> If you believe that any of this information is incorrect or if you have additional information which you believe would affect our decision, please let us know as soon as possible. We will be happy to review and evaluate any additional information or concerns you may have.

*Id.* at 4. Plaintiff and Defendant remained in communication about the Policy coverage throughout 2022, speaking on March 11, August 26, September 19, September 22, September 27, November 9, November 23, and December 13. *See* ECF No. 19 at 8 (citing the foregoing correspondence dates).

On October 26, 2023, Plaintiff sent Defendant a "Sworn Statement in Proof of Loss," demanding $2,834,699.14 to satisfy its Claim. ECF No. 16-6 at 2. Unable to reach agreement at that time, Plaintiff filed suit on January 2, 2024. ECF No. 1-5. Defendant continued to evaluate the Claim based on its latest round of inspections when it removed the case to this Court on February 2, 2024. ECF No. 20-10 at 3. The parties met again on March 8, March 12, March 18, March 19, and March 29 of 2024 in an attempt to resolve the dispute. *Id.* On April 5, 2024, Plaintiff provided a "last and final" offer to settle the lawsuit, which Defendant rejected. *Id.* Next, ten days later on April 15, 2024, Defendant invoked its appraisal rights under the Policy. *Id.*

**LEGAL STANDARD**

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The movant meets its initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith and Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). Facts are considered "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2

"In determining whether a genuine issue as to any material fact exists, [this Court] must view the evidence in the light most favorable to the nonmoving party." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348–49 (5th Cir. 2008); *Roton v. Peveto Fin. Grp., LLC*, 649 F. Supp. 3d 300, 313 (N.D. Tex. 2022).

ANALYSIS

The instant motions dispute the same point: Defendant's appraisal rights. Specifically, "Plaintiff moves for partial summary judgment on its defense that Defendant has waived the right to seek appraisal," ECF No. 15 at 5, while Defendant asks this Court to "compel appraisal and abate pending completion of appraisal," ECF No. 19 at 18.

**I. Appraisal is warranted.**

"Appraisals are a 'means of resolving disputes about the amount of loss for a covered claim.'" *Salas Realty, LLC v. Transp. Ins. Co.*, 425 F. Supp. 3d 751, 754 (N.D. Tex 2019) (quoting *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889 (Tex. 2009)). Insurance policies often contain appraisal clauses, which "are generally enforceable, absent illegality or waiver." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011)

"[A] party may waive . . . a right of appraisal of the amount of loss." *In re Allstate Vehicle & Prop. Ins. Co.*, 549 S.W.3d 881, 887 (Tex. App. — Fort Worth 2018, no pet.). "Waiver — the 'intentional relinquishment of a known right' — can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). "A waiver of rights under an appraisal provision by conduct occurs only when the party engages in intentional conduct inconsistent with claiming that right." *In re Allstate*, 549 S.W.3d at 888.

To prove waiver, "a party must show that (1) an impasse was reached as to settlement negotiations; (2) an unreasonable amount of time passed after the parties reached an impasse; and (3) the party suffered prejudice due to the delay." *In re Ooida Risk Retention Grp., Inc.*, 475 S.W.3d 905, 912 (Tex. App. — Fort Worth 2015, no pet.). As to the second element, appraisal "must be invoked within a reasonable time" once the parties reach an impasse. *In re Universal*, 345 S.W.3d at 410. An impasse occurs when there is mutual understanding that "neither will negotiate further, the parties are aware that further negotiations would be futile, or would be of no effect if performed." *Hayley v. Meridian Sec'y Ins. Co.*, No. 7:22-cv-00036-O, 2022 WL 18859312, at *2 (N.D. Tex. Oct. 17, 2022) (citing *Universal*, 345 S.W.3d at 410). "Merely filing suit does not inherently signal that the parties have mutually concluded that all future settlement negotiations would be futile." *In re Ooida*, 475 S.W.3d at 912.

The parties dispute the date of impasse. Plaintiff argues that the parties reached an impasse on February 16, 2022, ECF No. 15 at 13, while Defendant argues they reached an impasse on April 5, 2024, ECF No. 19 at 12.

### A. The Claim is subject to appraisal.

Plaintiff argues for the first time in its reply that "[b]ecause Defendant claims there is no additional coverage, there is nothing to 'appraise.'" ECF No. 24 at 3. That claim is incorrect because the amount covered under the Policy is subject to appraisal. Plaintiff cites a Texas state opinion to argue that it "cannot be required to submit the claim for an appraisal if there is no coverage." *Id.* (quoting *In re Acadia Ins. Co.*, 279 S.W.3d 777, 780 (Tex. App. — Amarillo 2007, no pet.) (orig. proceeding)). But the insurance company in *Acadia* issued a total denial of the claim, arguing that the hail damage pre-dated the policy date. *Id.* at 779. Here, by contrast, the parties dispute not coverage *qua* coverage, but coverage *qua* amount. *See, e.g.*, ECF No. 16-4 at 4

4

(Defendant offering to discuss disagreements with Plaintiff over the amount covered). Appraisals function to resolve exactly this dispute. *Salas Realty*, 425 F. Supp. 3d at 754. Thus, there is something to appraise and the Court must continue its analysis.

### B. The parties reached an impasse on April 5, 2024.

The Court **FINDS** that the parties reached an impasse on April 5, 2024. Plaintiff locates the impasse on February 16, 2022, the date of Defendant's Letter. ECF No. 15 at 13. And while "[t]he denial of the claim generally causes the party to reach an impasse," *JNH Holding, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:16-CV-00866, 2017 WL 10191090, at *2 (E.D. Tex. Sept. 18, 2017), that is not so when a denial invites further discussion, *see Pounds v. Liberty Lloyds of Texas Ins. Co.*, 528 S.W.3d 222, 226–27 (Tex. App. — Houston [14th Dist.] 2017, no pet.) (finding no impasse where the denial letter invited Plaintiff to contact the claims representative if he had any questions or concerns about his claim); *Hart Chesnutt, LLC v. Covington Specialty Ins. Co.*, No. 5:22-CV-110-H-BQ, 2022 WL 3448644, at *5 (N.D. Tex. Aug. 17, 2022) (sending original claim decision letter was not an impasse where the letter said: "If you have available any information which has a bearing on the facts outlined above, please forward to our office for review and consideration"); *Hayley*, 2022 WL 18859312, at *2 (finding no impasse when the denial letter ends with the invitation to discuss in more detail).

Defendant's Letter concludes with this precise invitation:

> If you believe that any of this information is incorrect or if you have additional information which you believe would affect our decision, please let us know as soon as possible. We will be happy to review and evaluate any additional information or concerns you may have.

ECF No. 16-4 at 2. Plaintiff acted accordingly, engaging Defendant on no less than nine separate occasions between February 16, 2022 (Letter date), and January 2, 2024 (filing the instant lawsuit).

ECF Nos. 19 at 8; 16-6 at 2. Even after Plaintiff filed suit, the parties met on six additional occasions to resolve the dispute. ECF No. 20-10 at 3. Based on the parties' voluminous correspondences, February 16, 2022 cannot have been the date of impasse.

Further negotiation became truly futile on April 5, 2024, when Plaintiff submitted a "last and final" settlement offer that Defendant rejected. ECF No. 20-10 at 3. Plaintiff argues that Defendant's participation in this lawsuit is inconsistent with its appraisal rights, and by implication, the impasse must have occurred at least in January 2024. ECF No. 15 at 17–18. But merely participating in a lawsuit (especially when haled into court), all the way up to mediation, is not inconsistent with Defendant's appraisal rights. *See In re Ooida*, 475 S.W.3d at 912 (mere participation in litigation does not indicate that negotiations are futile); *Hayley*, 2022 WL 18859312, at *2 (finding an impasse date even after mediation). Plaintiff identifies no date earlier than April 5, 2024, when Defendant believed negotiations to be futile. But on this date, Plaintiff indicated finality with its "last and final" settlement offer. ECF No. 20-10 at 3. Therefore, that date is the date of true impasse.

### C. Defendant's April 15, 2024 appraisal invocation was reasonable.

Appraisal "must be invoked within a reasonable time" once the parties reach an impasse. *In re Universal*, 345 S.W.3d at 410. Defendant invoked its appraisal rights merely ten days after the impasse. The Court **FINDS** that this short lapse of time was reasonable.

### II. Complete abatement is warranted.

"A court's decision to grant or deny a motion for abatement pending appraisal is discretionary." *Chavez v. State Farm Lloyds*, No. 4:14-CV-650, 2016 WL 9138074, at *1 (E.D. Tex. Jan. 27, 2016). "The key question for courts when exercising this discretion is whether abatement will aid judicial efficiency and economy." *Debesingh v. Geovera Specialty Ins. Co.*,

No. 4:18-cv-02316, 2018 WL 4810629, at *3 (S.D. Tex. Oct. 4, 2018).

If a plaintiff asserts both contractual and extra contractual claims, "it is within the Court's discretion to abate both . . . ." *Gonzalez v. Allstate Fire & Cas. Ins. Co.*, No. SA-18-cv-00283, 2019 WL 609781, at *2 (W.D. Tex. Jan. 7, 2019). Indeed, "the majority of Texas courts have held that when a plaintiff asserts extra-contractual claims in addition to a claim for breach of contract, it is in the best interest of justice that the *entire case* be abated pending appraisal." *Debesingh*, 2018 WL 4810629, at *3 (emphasis added). That is especially true when there is "significant factual overlap between Plaintiff's contractual and extra-contractual claims . . . ." *Gonzalez*, 2019 WL 609781, at *2.

Here, an appraisal would at least "allow the issues to be litigated . . . with efficient focus." *Id.* at *3. Central to the instant lawsuit is the parties' disagreement on the amount of Policy coverage, and an appraisal would advance that dispute without need for additional judicial resources. Hence, the Court **FINDS** that an abatement of the entire lawsuit is warranted.

### CONCLUSION

Because Plaintiff failed to establish the second element of waiver on the summary judgment record, the Court **DENIES** the MSJ. And because Defendant properly invoked its appraisal rights under the Policy at a reasonable time, the Court **GRANTS** its Motion to Compel. Proceedings in this lawsuit are now **ABATED** pending completion of appraisal. The parties are **ORDERED** to submit a notice to the Court once appraisal has been completed.

**SO ORDERED.**

October _3_, 2024.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE